IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America, | Crim. No. 4:05-cr-00036-TLW-1 |
|---|---|
| v. | **Order** |
| Isaiah Miller | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to a charge of Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846. After taking into account the § 851 Information that the Government previously filed, his statutory sentencing range was 20 years to Life, followed by at least 10 years of supervised release. PSR ¶¶ 51, 55. His Guidelines range at sentencing—after taking into account his classification as a career offender—was 262–327 months (34/VI), followed by 10 years of supervised release. PSR ¶¶ 52, 58. Pursuant to the parties' Rule 11(c)(1)(C) agreement, the Court imposed a 240-month term of imprisonment, followed by a 10-year term of supervised release. ECF No. 36.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and

1

3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 1 charged him, in part, with violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(A)(iii) by increasing the threshold amounts of crack from 50 grams to 280 grams. Because Defendant is serving a sentence for a pre-August 3, 2010 violation of § 841(b)(1)(A)(iii), he is eligible for a sentence reduction under § 404(b) of the First Step Act. *See United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019). The fact that he was ultimately sentenced pursuant to a Rule 11(c)(1)(C) agreement is not relevant to the eligibility question, as *Wirsing* makes clear that eligibility depends solely on the offense of conviction. *See id.* ("[A]ny inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)—both of which were modified by Section 2 of the Fair Sentencing Act—is serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act." (citations omitted)).

In light of the First Step Act and as set forth in the Sentence Reduction Report, the Court concludes that Defendant is now subject to a reduced statutory sentencing range. As to Count 1, the custody term has been reduced from 20 years-to-Life to 10 years-to-Life, and the supervised release term has been reduced from at least 10 years to at least 8 years. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (setting forth the current penalties

for a defendant who is convicted of possessing with intent to distribute at least 28 grams but less than 280 grams of crack). His Guidelines range is 262–327 months imprisonment (34/VI), followed by 8 years of supervised release.

In Defendant's motion, he requests a full resentencing hearing in which he would seek to challenge the continued validity of his career offender designation. *See* ECF No. 60 at 1. The Government argues that he is not entitled to a full resentencing. *See* ECF No. 63 at 4–6.

Judge Currie has recently considered this question and concluded that a First Step Act defendant is not entitled to a full resentencing. *United States v. Shelton*, No. 3:07-329 (CMC), 2019 WL 1598921, at *2–3 (D.S.C. Apr. 15, 2019). The Court notes Judge Currie's thorough, well-reasoned opinion and adopts her analysis of the applicable law in this case. Thus, the Court concludes that although Defendant is eligible for a sentence reduction, he is not entitled to a full resentencing. *See also Wirsing*, 943 F.3d at 181 n.1 ("Defendant does not contest that his relief, if any, will be in the form of a limited sentence modification rather than a plenary resentencing.").

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

The Government opposes a reduction in his imprisonment term, arguing that his current sentence of 240 months is still below his post-First Step Act Guidelines

range, which remains 262–327 months. ECF No. 63 at 4. However, the Government agrees that, notwithstanding its position on eligibility, he would otherwise qualify for a reduction in his term of supervised release to 8 years. *Id.*

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. In light of these considerations, the Court concludes that a reduction of his imprisonment term is not appropriate in this case. There are several reasons why the Court has reached this conclusion, including (1) his current sentence remains below the unchanged Guidelines range; (2) he was held accountable for nearly six kilograms of cocaine; and (3) he has several prior drug distribution convictions. However, the Court concludes that it would be appropriate to reduce his term of supervised release to 8 years.

For these reasons, Defendant's motion, ECF No. 60, is **GRANTED IN PART AND DENIED IN PART**. An amended judgment will follow.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

December 16, 2019
Columbia, South Carolina